## BEEKMAN v. THE STATE OF IOWA.

Where a motion is made to dismiss an appeal in a criminal case, for insufficiency of the affidavit of appeal, the facts stated in the affidavit are to be taken as true.

If the State wishes to controvert the statements of the affidavit for an appeal, as to the testimony given on the trial before the justice, a rule should be obtained requiring the justice to certify to the District Court, all the evidence on the trial before him.

Where an affidavit for an appeal in a criminal case, sets out the evidence against the defendant, and avers that the State has failed to prove any charge laid in the information; that the judgment of the justice was erroneous, and contrary to the evidence; and that injustice has been done the defendant, it is sufficient to entitle the defendant to an appeal, and to have the judgment of the justice reversed, or, at least, to a new trial in the District Court.

*Error to the Mahaska District Court.*

THIS was a writ of error to the judgment of the District Court of Mahaska county, affirming the judgment of a justice of the peace, by which the plaintiff in error, was fined twenty dollars on an information charging him with selling intoxicating liquors. After the rendition of the judgment against him by the justice, the defendant filed an affidavit to obtain an appeal, in which is stated the evidence of the witnesses against him, and averred that the State had failed to prove any charge laid in the information; that the judgment of the justice was erroneous and contrary to the evidence, and that injustice had been done him. On filing the necessary bond, an appeal was allowed. In the District Court, on motion of the prosecuting attorney, the judgment of the justice was affirmed, for the alleged reason, that no sufficient affidavit had been filed. The defendant sued out this writ of error.

*Crookham & Fisher*, for the plaintiff in error.

*Saml. A. Rice*, (Attorney-General,) for the State.

STOCKTON, J.—The affidavit was sufficient to entitle the plaintiff in error, to an appeal from the judgment of the justice, and to have the judgment reversed, or, at least to a new trial in the District Court.  Taking the facts therein stated as true, which is the effect of a motion to dismiss for insufficiency, there was no evidence before the justice to convict the plaintiff in error, of selling intoxicating liquors. The witnesses testified that he sold only "spruce beer," and that it would not intoxicate any person.   If the prosecuting attorney wished to controvert the statements of the affidavit, as to the testimony given on the trial before the justice, he should have had a rule entered against the justice, to certify to the District Court all the evidence given on the trial before him.   As this was not done, the statements of the affidavit are to be taken as true; and taking them as true, the plaintiff in error was found guilty on insufficient evidence. The District Court should either have reversed the judgment, or allowed a new trial.

Judgment reversed.